IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-23,628-03






EX PARTE LENA M. BIRL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CF-05-084 IN THE 76TH DISTRICT COURT


FROM CAMP COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of
habitation and sentenced to ten (10) years' imprisonment. She did not appeal her conviction.

 Applicant alleges that her guilty plea was involuntary because of counsel's ineffective
assistance. Specifically, she alleges that counsel failed to investigate and interview the complaining
witness. She also alleges that counsel failed to advise her that she had a right to go to trial. 

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. 
In the appropriate case, the trial court may rely on its personal recollection. Id. The trial court shall
order trial counsel to file an affidavit addressing the following issues: (1) whether counsel advised
Applicant to plead guilty and, if so, why counsel believed that pleading guilty was in Applicant's
best interest; (2) whether counsel investigated and interviewed the complaining witness; and, (3)
whether counsel advised Applicant that she had a right to go to trial. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether counsel advised Applicant to
plead guilty and, if so, why counsel believed that pleading guilty was in Applicant's best interest. 
The trial court shall make findings of fact as to whether counsel investigated and interviewed the
complaining witness. The trial court shall make findings of fact as to whether counsel advised
Applicant that she had a right to go to trial. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 29, 2009

Do not publish